UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Houston DIVISION

LEONARDO HERRERA,
Plaintiff,

v.

TRUEACCORD CORP.,
Defendant.

United States Courts
Southern District of Texas
F I L E D

DEC 3 1 2025

Nathan Ochsner, Clerk of Court

Civil Action No. ____4:25cv6384____

COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. § 1692 et seq.)

Plaintiff Leonardo Herrera, appearing pro se, files this Complaint
against Defendant TrueAccord Corp. and alleges as follows:

I. JURISDICTION AND VENUE

1. This action arises under the Fair Debt Collection Practices Act, 15
U.S.C. § 1692 et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §
1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)
because Plaintiff resides in this District and the unlawful collection

communications were received in this District.

II. PARTIES

4. Plaintiff Leonardo Herrera is a natural person and consumer residing in the State of Texas.

5. Defendant :True Accord is a debt collection agency that regularly collects or attempts to collect consumer debts using interstate commerce, including electronic communications.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

III. FACTUAL ALLEGATIONS

7. The alleged obligation arises from a purported consumer debt allegedly owed to Verizon Wireless.

8. Plaintiff disputes the alleged debt and does not admit liability.

A. Cease and Desist and Debt Validation

9. On December 9, 2025, Plaintiff sent Defendant a written Cease and Desist demand pursuant to 15 U.S.C. § 1692c(c) and a written Debt Validation request pursuant to 15 U.S.C. § 1692g(b).

10. The letters were sent via United States Postal Service certified mail.

11. Defendant received Plaintiff's certified correspondence on or about December 15, 2025.

12. Plaintiff's correspondence expressly instructed Defendant to cease all collection activity and all communications except as permitted by law.

13. Plaintiff further demanded that Defendant cease collection activity until proper validation of the alleged debt was provided.

B. Continued Collection After Receipt

14. Despite receipt of Plaintiff's cease and desist and debt validation demand, Defendant sent Plaintiff an email on December 19, 2025.

15. The email stated that Defendant was contacting Plaintiff regarding a balance allegedly owed to Verizon Wireless in the amount of $2,256.23 and offered payment options and payment plans.

16. Defendant had not provided any validation of the alleged debt prior to sending this communication.

17. Defendant did not notify Plaintiff that collection efforts were terminated and did not advise Plaintiff of any specific legal remedy.

18. Defendant's communication constituted an attempt to collect a debt after receipt of a cease and desist and during the validation period.

IV. COUNT I
Violations of the FDCPA

A. Violation of 15 U.S.C. § 1692c(c)

19. Defendant continued to communicate with Plaintiff after receipt of a written cease and desist, in violation of 15 U.S.C. § 1692c(c).

B. Violation of 15 U.S.C. § 1692g(b)

20. Defendant continued collection activity without first validating the alleged debt, in violation of 15 U.S.C. § 1692g(b).

C. Violation of 15 U.S.C. § 1692e

21. Defendant falsely represented the legal status of the alleged debt by attempting to collect while the debt was disputed and validation was outstanding.

D. Violation of 15 U.S.C. § 1692f

22. Defendant used unfair and unconscionable means to attempt to collect a debt barred from collection activity at the time.

V. DAMAGES

23. Defendant's violations were knowing and intentional.

24. Plaintiff suffered emotional distress, inconvenience, and time lost addressing unlawful collection activity.

25. Plaintiff is entitled to statutory damages, actual damages, costs of suit, and such additional relief as permitted by law pursuant to 15 U.S.C. § 1692k.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;
B. Award statutory damages up to $1,000;
C. Award actual damages;
D. Award costs of suit;
E. Declare Defendant's conduct in violation of the FDCPA;
F. Grant such other relief as the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Leonardo Herrera
Plaintiff, Pro Se
3372 Voda Bend Dr.
Katy, Tx 77493
(713)724-2274
herreraleo22@icloud.com